Case 3:05-cv-00301-M Document 41 Filed 05/23/06 Page 1 of 8 PageID 684

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

MAY 2 3 2006

CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAMELA LYNETTE ELMO, et al., | § § | |
| Plaintiffs, | § | Civil Action No. 3:05-CV-301-M |
| v. | § § | |
| SOUTHERN FOODS GROUP, L.P., et al., | § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER OF REMAND

Before the Court is the Motion to Dismiss Plaintiffs' COBRA-Related Claims, filed by Defendant Southern Foods Group, L.P. ("Southern Foods"), and its Motion for Partial Summary Judgment, both filed on January 23, 2006.[1] The Court **GRANTS** Southern Foods's Motion to Dismiss, **DISMISSES** Plaintiffs' COBRA claim as to Southern Foods without prejudice, *sua sponte* **DISMISSES** Plaintiffs' COBRA claim as to all of the other Defendants without prejudice, and **DENIES** the Motion for Partial Summary Judgment of Southern Foods as moot. The Court **REMANDS** the remaining claims to the 14th Judicial District Court, Dallas County, Texas.

FACTUAL BACKGROUND

Plaintiff Pamela Elmo, as an employee of Defendant Southern Foods, worked in the cooling vault of the Oak Farms Dairy (the "Dairy"), in Dallas. In October 2002, Elmo alleges that

---

[1] COBRA refers to the Consolidated Omnibus Budget Reconciliation Act of 1985, which amended the Employment Retirement Income Security Act. *See Lifecare Hosps., Inc. v. Health Plus of La., Inc.*, 418 F.3d 436, 437 (5th Cir. 2005).

-1-

she was asked by her supervisor to operate a "palletizer", which is a machine that is used at the Dairy to stack milk crates onto pallets. Elmo claims that she was not properly trained to operate the palletizer, and alleges that once the palletizer was set in motion, a stack of milk crates fell on her back, knocking her to the ground.

On November 1, 2004, Pamela Elmo, and members of her family,[2] brought six claims[3] against Southern Foods, the Dairy, and other entities[4] in the 14th Judicial District Court, Dallas County, Texas. On February 11, 2005, Southern Foods filed its Notice of Removal, noting that the Court had original jurisdiction over Plaintiffs' COBRA claim,[5] and on January 23, 2006, Southern Foods moved to dismiss[6] and for partial summary judgment.

---

[2] Pamela Elmo's husband, Leonard Elmo, and her children, Latrina Tate, Jerry Bishop, Jr., and Dantania Ryles, joined the suit as Plaintiffs.

[3] The six claims in the Petition include (1) negligent training of Pamela Elmo, (2) negligent operation of machinery by co-workers, (3) wrongful denial of COBRA benefits or of the information required for Pamela Elmo to exercise and claim such benefits, (4) negligence and negligence per se, (5) gross neglect and/or malice, and (6) intentional assault.

[4] Plaintiffs name as other Defendants Oak Farms; Oak Farms, Inc.; Southern Foods Group; Southern Foods Group, Inc.; SFG Management, L.L.C.; Suiza; Suiza Foods Corporation; Dean Foods; Dean Food; Dean Foods Inc.; Dean Food Inc.; Dean Foods Company; Dean Foods Company, Inc.; John Does(s) Number One, the unknown putative subsidiary entity doing business as "Oak Farms Dairy" and/or "Dean Food/s" and/or "Dean Food Inc." and/or "Southern Foods Group" and/or any and all like forgoing listed names in Dallas, Texas, at 1114 North Lancaster, Dallas, Texas; John Does(s) Number Two; John Does(s) Number Three; and John Does(s) Number Four.

[5] Neither party argues that the Court has original jurisdiction over Plaintiffs' other claims.

[6] Although Southern Foods argues that its Motion to Dismiss is pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, such motions are considered under Rule 12(b)(6). *See, e.g., Wickel v. Knight Transp., Inc.*, EP-05-CA-0461-FM, 2006 U.S. Dist. LEXIS 16177, at *3-4 (W.D. Tex. Mar. 14, 2006); *Oktibbeha Cty. Sch. Dist. v. Travelers Ins. Co.*, No. 1:05CV90-D-A, 2006 U.S. Dist. LEXIS 3049, at *3-5 (N.D. Miss. Jan. 9, 2006).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion, the complaint must be liberally construed in favor of the plaintiffs, and all well-pled facts in the complaint must be taken as true. *Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir. 1980). Dismissal is only appropriate if "it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). In deciding a motion to dismiss, a court does not evaluate the plaintiffs' likelihood of success; instead, a court only determines whether the plaintiffs have stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Plaintiffs "must give the defendant fair notice of the nature of the claim and the grounds upon which the claim rests." *Bates v. U.S. Small Bus. Assoc.*, No. 3:01-CV-1614-D, 2004 U.S. Dist. LEXIS 23208, at *11 (N.D. Tex. Nov. 16, 2004) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)).

## ANALYSIS

COBRA claims arise from 28 U.S.C. §§ 1161-69. *See Lopez v. Premium Auto Acceptance Corp.*, 389 F.3d 504, 507-08 (5th Cir. 2004). Section 1161 states that "The plan sponsor of each group health plan shall provide, in accordance with this part [29 USCS §§ 1161 et seq.], that each qualified beneficiary who would lose coverage under the plan as a result of a qualifying

event is entitled, under the plan, to elect, within the election period, continuation coverage under the plan." Only the sponsor of the plan is responsible for coverage under COBRA. *In re Appletree Markets, Inc.*, 19 F.3d 969, 971 (5th Cir. 1994). Section 1166 requires that the group health plan provide written notice to each covered employee of the rights provided under COBRA.

The following is the excerpt from the Petition that addresses this claim:

### Count 3 – Wrongful Denial Of COBRA Benefits Or Of The Information Required to Exercise And Claim Such Benefits

> 17. **John Doe Number One** and/or the **Business Defendants** is/was the employer/principal/manager/supervisor of John Doe Number One immediately prior to, during and immediately following the time of the collision. John Doe Number Two and the Business Defendants knew or should have known that John Doe Number One was a person of violent tendencies and predisposition, and that he had a significant criminal record. Nevertheless, **John Doe Number One** and/or the **Business Defendants** hired, employed, and used as an agent the said John Doe Number One and continued that relationship until John Doe Number One injured the plaintiff. The said negligence/recklessness of John Doe Number One proximately caused the plaintiff's injuries and damages.

Petition at 35-36. The cover page of the Petition identifies "John Doe Number One" as the "unknown putative subsidiary entity doing business as 'Oak Farms Dairy' and/or 'Dean Food/s' and/or 'Dean Food Inc.' and/or 'Southern Foods Group' and/or any and all like forgoing listed names in Dallas, Texas, at 1114 North Lancaster, Dallas, Texas", which the Court construes to include both Southern Foods and the Dairy. Petition at 1. The "Business Defendants" are defined in the Petition as including the Dairy, Oak Farms, Dean Food(s), Suiza, Suiza Foods Corporation, "Plaintiff's Employer", and "Employer".[7] Petition at 3-4. Pages 35-36 of the Petition, then, allege that the Dairy or Southern Foods was a "person of violent tendencies and

---

[7]Plaintiffs' Petition does not define "Plaintiff's Employer" or "Employer", although the text of page four of the Petition identifies both as Defendants. Petition at 4.

predisposition", and has a "significant criminal record". Furthermore, this paragraph references a "collision". That collision is further fleshed out in pages 31-32, which allege that the Dairy or Southern Foods caused an automobile collision by wrongfully failing to use or exercise ordinary care and prudence while it was driving motor equipment. Plaintiffs' incomprehensible pleading in pages 35-36 of the Petition does not relate in any way to with an alleged failure of a Defendant to provide or notify Pamela Elmo of benefits under COBRA. Even if Plaintiffs could prove that the Business Defendants knew or should have known that Southern Foods (or the Dairy) was a person of "violent tendencies", which seems quite unlikely, such a fact would not advance a claim under COBRA.

Plaintiffs nevertheless argue that they have provided sufficient notice of their claim. They points to page 31 of the Petition, where Plaintiffs claim that:

> In addition while plaintiff was following her rehabilitation, defendant wrongfully terminated plaintiff and terminated her employee benefits including health and other insurance benefits without just cause all in retaliation for her being injured on the job and filing insurance claims.

Petition at 31. Plaintiffs argue that if Southern Foods considers the above quoted language along with the heading above paragraph seventeen, it should have sufficient notice of Plaintiffs' claim. The Court disagrees. Page 31 asserts that Defendants "terminated" her employee benefits, which implies that Defendants granted COBRA benefits, and then terminated them. The heading at page 35 states that Defendants denied COBRA benefits, which is contradictory to the pleading at page 31. Furthermore, page 31 asserts that any decisions Defendants made as to insurance benefits were in retaliation for Pamela Elmo's being injured on the job and filing insurance claims, which suggests a claim for ERISA discrimination. *See Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 260 (5th Cir. 2001) ("To establish a prima facie case of discrimination

under ERISA, a plaintiff must establish that his employer fired him in retaliation for exercising an ERISA right or to prevent attainment of benefits to which he would have become entitled under an employee benefit plan."). Plaintiffs' Petition does not give the Defendants "fair notice of the nature of the claim and the grounds upon which the claim rests". *See Bates*, 2004 U.S. Dist. LEXIS 23208, at *11. Therefore, the Court **DISMISSES** Plaintiffs' claim of "wrongful denial of COBRA benefits or of the information required to exercise and claim such benefits" as to Southern Foods without prejudice.[8]

Although the other Defendants did not file a motion to dismiss, the Court is authorized to consider the sufficiency of the complaint on its own initiative. *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991); *see Goosman v. Foti*, 2000 U.S. Dist. LEXIS 5421, at *8 (E.D. La. Apr. 17, 2000). The Court *sua sponte* **DISMISSES** Plaintiffs' claim of "wrongful denial of COBRA benefits or of the information required to exercise and claim such benefits" as to the other Defendants without prejudice.

Plaintiffs request that the Court grant them leave to amend their Petition. "In deciding whether to grant leave to file an amended pleading, the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). "Whether leave to amend should be granted is entrusted to the sound discretion of the district court, and that court's ruling is reversible only for an abuse of discretion." *Id.* The Scheduling Order entered

---

[8]Because the Court dismisses Plaintiffs' claim of wrongful denial of COBRA benefits or of the information required to exercise and claim such benefits, it **DENIES** Southern Foods's Motion for Partial Summary Judgment as moot.

in this case on July 20, 2005, required each party to amend their pleadings by November 1, 2005. The present request, almost four months after the deadline, shows undue delay. The Court declines to grant Plaintiffs leave to amend their Petition.

Because the Court has dismissed all claims over which it has original jurisdiction, the Court must evaluate whether remand to state court furthers "the values of economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988); *accord Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990) ("When there is a subsequent narrowing of the issues such that the federal claims are eliminated and only pendent state claims remain, federal jurisdiction is not extinguished. Instead, the decision as to whether to retain the pendent claims lies within the sound discretion of the district court."); *see also Wilson v. Brestrup*, 3:05-CV-719-M, 2006 U.S. Dist. LEXIS 17912, at *10-11 (N.D. Tex. Apr. 10, 2006) (Lynn, J.). The only remaining claims are state law claims, to which the Court does not have original jurisdiction. The Court thus exercises its discretion to remand these pendent claims, and **REMANDS** the case to the 14th Judicial District Court, Dallas County, Texas.

CONCLUSION

The Court **DISMISSES** Plaintiffs' COBRA claims as to all Defendants without prejudice, and **REMANDS** the case to the 14th Judicial District Court, Dallas County, Texas.

**SO ORDERED.**

May 23, 2006.

                                              BARBARA M.G. LYNN
                                              UNITED STATES DISTRICT JUDGE
                                              NORTHERN DISTRICT OF TEXAS